McDONALD *v.* THE CINCINNATI TRACTION CO. ET AL.

*Negligence—Action against two defendants—Charge to jury erroneous, when—Failure to charge defendants entitled to verdict if neither negligent.*

Where the trial court, in an action for negligence against two defendants, submits to the jury the questions that if they find plaintiff guilty of contributory negligence he cannot recover, that if they find one of the defendants guilty of negligence, but not the other, they should dismiss the one not guilty of negligence and return a verdict in favor of plaintiff and against the one guilty of negligence, and that if they find both defendants guilty of negligence they should return a verdict in favor of plaintiff and against both defendants, it is reversible error for the court to fail to submit to the jury the question that if they find neither of the defendants guilty of negligence the plaintiff would not be entitled to recover and their verdict should be for the defendants.

(Decided April 9, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Williams & Ragland,* for plaintiff in error.

*Mr. H. K. Rogers,* for defendant in error, the Cincinnati Traction Company.

*Mr. J. A. McDonald,* for defendant in error, Charles Van Horn.

By the Court. This case originated in the Municipal Court of Cincinnati. It was an action against the Cincinnati Traction Company and Charles Van Horn for damages to an automobile belonging to the plaintiff in error. The automobile was standing along the south side of Ninth street between Main and Sycamore streets, in the city of Cincinnati. The defendant in the trial court, Van Horn, started to pull his truck out from along the curb into the street when a street car of the defendant Traction Company came along and struck the truck, throwing it against the automobile of the plaintiff, causing the damage of which plaintiff complained.

The trial of the case resulted in a judgment for the plaintiff in the sum of $310. The defendant Cincinnati Traction Company prosecuted error to the Court of Common Pleas, which court reversed the judgment of the Municipal Court. From that judgment of reversal, the plaintiff in error, McDonald, prosecutes error to this court, seeking a reversal of the judgment of the Court of Common Pleas, and an affirmance of the judgment of the Municipal Court.

We have examined the record of the Municipal Court. It discloses one fatal error in the charge of the court. The court, at the close of the general charge, submitted to the jury four forms of verdict in the following language:

"Four forms of verdict will be given you, one reading: 'We, the jury in this case, being duly impanelled and sworn, do find for the defendants,'

which form of verdict you will use only if you find that the plaintiff, in this case the Stutz automobile owner, McDonald, was in any manner negligent by leaving his car standing at that particular point which directly contributed to the injury suffered by him.

"Another form of verdict is: 'We, the jury in this case, being duly impanelled and sworn, do find for the plaintiff,' and assess his damages at whatever amount you find the plaintiff entitled to recover against Charles Van Horn, and dismiss the Cincinnati Traction Company, which form you will use in the event you find that the negligence of Van Horn directly contributed to the injury of the plaintiff, and in the event the Traction Company was not guilty of any negligence.

"Another form of verdict is: 'We, the jury in this case, being impanelled and sworn, do find for the plaintiff,' and assess his damages at whatever you find the plaintiff entitled to recover against the Cincinnati Traction Company and dismiss 'Van Horn, which form you will use in the event you should find the Cincinnati Traction Company was guilty of negligence and Van Horn was not guilty of negligence.

"Another form of verdict reads: 'We, the jury in this case, being duly impanelled and sworn, do find for the plaintiff,' and assess his damage, inserting therein the amount you find the plaintiff entitled to recover against the defendants, which form of verdict you will use in the event you find both of the defendants were guilty of negligence which directly contributed to the injury."

These forms of verdict as submitted show that the questions submitted were:

1. That the plaintiff could not recover if they found he was guilty of contributory negligence.

2. If they found Van Horn guilty of negligence, and the Traction Company not guilty of negligence, they would render their verdict in favor of the plaintiff and against Van Horn.

3. If they found the Traction Company negligent, and Van Horn not negligent, they would dismiss Van Horn, and return a verdict in favor of the plaintiff and against the Traction Company.

4. If they found both defendants guilty of negligence, they would use the form of verdict in favor of the plaintiff and against both the defendants.

It is clear that the court failed to submit to the jury the question that if they found neither of the defendants guilty of negligence the plaintiff would not be entitled to recover, and the verdict would be for the defendants. The omission to submit this question was fatal to the proceeding.

The judgment of the Court of Common Pleas, reversing the judgment of the Municipal Court, is affirmed, and the cause is remanded to the Court of Common Pleas with instructions to remand the cause to the Municipal Court for a new trial and further proceedings according to law.

*Judgment affirmed.*

CUSHING, BUCHWALTER and HAMILTON, JJ., concur.